

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA

v.                                      Civil Action No. 3:08CR339

BENJAMIN C. THOMPKINS, JR.

## MEMORANDUM OPINION

The matter is before the Court on the "MOTION FOR NEW TRIAL PURSUANT TO RULE 33(b)(1), NEWLY DISCOVERED EVIDENCE" (Docket No. 59), "NOTICE/Motion to amend Motion for New Trial Pursuant to Rule 33(b)(1)" (Docket No. 60), "Motion to the Court to Compel the Prosecut[o]r to Disclose/Turnover TDS Subpoena and All Records Obtained from that Subpoena" (Docket No. 61), "PETITIONER'S MOTION FOR EVIDENTIARY HEARING" (Docket No. 62), "DEFENDANT JOHNNIE MARTIN'S MOTION TO PRESERVE EVIDENCE" (Docket No. 63), a letter motion seeking an expedited ruling on his Rule 33 Motion (Docket No. 76), and "MOTION FOR EXPEDITED CONSIDERATION AND RULING TO RULE 33(B) MOTION" (Docket No. 78) filed by Benjamin C. Thompkins, Jr.[1] These motions are yet another attempt by Thompkins to suppress evidence obtained in a

_____

[1] Charlotte Hodges has filed two Motions to Extend Time to Comply with the Court's Order to File Response to Defendant's Remaining Pro Se Motions (Docket Nos. 73, 74) and a Motion to Withdraw as Counsel of Record.

search of his residence.   The Government has responded.   These matters are ripe for disposition.

## I.   PROCEDURAL HISTORY

### A.   The Motion to Suppress

Before trial, Thompkins moved to suppress evidence seized from his residence pursuant to a search warrant.  On October 14, 2008, the Court denied the motion to suppress. The Court concluded the affidavit established probable cause and that, even if it did not, the good faith exception to the warrant requirement applied.  The United States Court of Appeals for the Fourth Circuit aptly summarized the circumstances surrounding the search of Thompkins' residence as follows:

> DEA Special Agent Bertsch, who had extensive experience investigating drug trafficking, applied for the warrant. In his affidavit, he recited that a confidential informant, who had provided reliable information in previous investigations, had reported that "BJ" had made six calls to a hydroponics store, requesting prices for products typically used to cultivate marijuana. The calls came from 13011 Five Forks Road, Benjamin Thompkins' residence. Thompkins had previously been served a summons at that address in connection with a cocaine investigation. BJ had also visited the hydroponics store and purchased products commonly used to cultivate marijuana.
>     The affidavit further stated that Thompkins' residence had used an average of 3008 kilowatt hours of power during each billing cycle between December 2007 and May 2008. During the same time period, a significantly larger neighboring residence had used an average of 2092 kilowatt hours per cycle, and a comparably sized residence had used an average of 1190 kilowatt hours per cycle. Agent Bertsch stated that,

2

in his experience, this unusually large consumption of electricity was consistent with the interior cultivation of marijuana. Additionally, Thompkins' girlfriend had inquired about how to reset a digital timer of the sort that is often used in the cultivation of marijuana. Finally, employment records showed that Thompkins had no reported income since 2003, and Agent Bertsch stated that drug dealers typically do not report illegal income.

United States v. Thompkins, 377 F. App'x 292, 294 (4th Cir. 2010).

## B. Conference Call on the Day Before Trial

In his affidavit in support of the search warrant, Agent Bertsch swore that the he had subpoenaed Dominion Virginia Power to obtain records of electrical usage for Thompkins' residence and that of the neighboring homes. (Gov't's Resp. to Mot. New Trial (Docket No. 69) Ex. 1 ¶¶ 9, 12.) On November 18, 2008, during a conference call, Thompkins, through counsel, indicated that Dominion Virginia Power had never received a subpoena with respect to Thompkins' residence. (Nov. 18, 2008 Tr. 3.) Defense counsel suggested that the information concerning power records in the affidavit "was potentially illegally gotten, but at the very least there was a misrepresentation in the affidavit as to the fact that the information was, in fact, subpoenaed." (Id.) Counsel asserted that he had spoken "with someone in the legal department [of Dominion Virginia Power] who says they looked through the information on the computer for the address

3

in question, and they don't see that any subpoena was received by Dominion. And that is normally the procedure." (Id. at 9.)

Defense counsel had issued a subpoena duces tecum to review the relevant records from Dominion Virginia Power to determine whether they had a record of the subpoena for the electrical usage records for Thompkins' residence. Defense counsel had not received a response to the subpoena duces tecum as of the time of the telephone conference.[2] The Court noted that counsel knew about the pertinent records for a long time and had moved only recently to subpoena them. (Id. at 10.) The Court denied counsel's motion to continue the trial until Dominion Virginia Power responded to his subpoena duces tecum. (Id. at 13.)

### C.   The Trial

After a two-day jury trial on November 19 and 20, 2008, Thompkins was convicted of possession with intent to distribute fifty grams or more of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, possession of a firearm

---

[2] On October 21, 2008, defense counsel had filed the motion for the subpoena duces tecum. By Order entered on October 27, 2008, the Court had granted the motion. The subpoena duces tecum directed Dominion Virginia Power to produce in the Clerk's Office for the Court by 5:00 p.m. on November 14, 2008, any records "regarding any subpoenas, subpoena duces tecums [sic], affidavits or the like regarding account numbers 4509954212 in the name of Benjamin Thompkins, 3438367868 in the name of Frank Booker, Jr. and 3947345272 in the name of Alice Givens, from January 01, 2007 to present." (Docket No. 20 (italics omitted).)

4

and ammunition by a convicted felon, and manufacturing and possessing with intent to distribute marijuana.[3]   Immediately following the jury's verdict, the Court conducted a hearing with respect to the administrative subpoena.   Mark Bertsch, the agent, who had prepared the subpoena and received records in response to the subpoena testified as to how he had served the subpoena and received the records in response to the subpoena. After the conclusion of Agent Bertsch's testimony, the Court concluded that power usage records were not fabricated and Thompkins had "no evidence whatsover" the records "were obtained by artifice."   (Nov. 20, 2008 Tr. 347.)

### D. Dominion Virginia Power's Response to Counsel's Subpoena Duces Tecum

On November 25, 2008, the Court received Dominion Virginia Power's response to defense counsel's subpoena duces tecum. (Docket No. 38.)   The response indicated that Dominion Virginia Power did not have a record of a subpoena for power records for Thompkins's residence or the neighboring homes.   (Id.) Thompkins's motions for a new trial are based upon this response.

---

[3]   The Court sentenced Thompkins to 300 months of imprisonment.

## II.   THOMPKINS' MOTIONS SEEKING A NEW TRIAL

Between June and October of 2010, Thompkins filed a "MOTION FOR NEW TRIAL PURSUANT TO RULE 33(b)(1), NEWLY DISCOVERED EVIDENCE," "NOTICE/Motion to amend Motion for New Trial Pursuant to Rule 33(b)(1)," and "MOTION FOR EVIDENTIARY HEARING" (hereinafter collectively "motions for a new trial").  (Docket Nos. 59, 60, 62.)  In his motions for a new trial, Thompkins contends that his rights under the Fourth Amendment[4] were violated and seeks to suppress the evidence obtained from the search of his home.  The only new evidence that Thompkins supplies to support his motions is Dominion Virginia Power's post-trial response to his subpoena duces tecum, which he asserts indicates that power records for his home were falsified or obtained illegally.

### A.   Motions Filed by Thompkins' Counsel

After he filed his motions for a new trial and several other motions, Thompkins retained counsel, Charlotte Hodges.  By

---

[4] That amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

6

Memorandum Order entered on March 8, 2011, the Court directed counsel to review Thompkins's pro se motions and withdraw any motions that she did not believe were well-grounded in fact and law.   On March 19, 2011, Counsel moved for an extension of time to respond to the March 8, 2011 Memorandum Order.   Thereafter, on March 24, 2011, counsel moved to withdraw as counsel for Thompkins.   Counsel represents that she was preparing to withdraw those motions of Thompkins that she did not believe were well-grounded in fact and law and file a response on behalf of Thompkins.   When counsel told Thompkins that she intended to withdraw some of his pro se motions, Thompkins told counsel he did not want her to withdraw any of his motions and wanted to proceed with the motions as filed.   Counsel advised Thompkins that, in light of his position, it would be in his best interest for her to withdraw from handling the matter.   Given the foregoing circumstances, counsel's Motion to Withdraw (Docket No. 75) will be GRANTED.   Counsel's Motions to Extend Time (Docket Nos. 73, 74) will be DENIED AS MOOT.

**B.   Timeliness of the Motions for a New Trial**

Federal Rule of Criminal Procedure 33 provides:

**(a) Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

**(b) Time to File.**
　　**(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
　　**(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. Because Thompkins' motion for a new trial and the related motions were filed long after the finding of guilt in his case, they are timely only if Dominion Virginia Power's response to the subpoena duces tecum constitutes "newly discovered evidence" within the meaning of Fed. R. Crim. P. 33(b)(1).[5] As explained below, this sort of new information about an alleged constitutional violation does not qualify for the three-year time limit. See United States v. Evans, 224 F.3d 670, 674 (7th Cir. 2000) ("A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a

---

[5] Because Thompkins received Dominion Virginia Power's response to the subpoena duces tecum five days after he was found guilty, the Court notes he could have moved for a new trial on "Other Grounds" as provided in Federal Rule of Criminal Procedure 33(b)(2).

8

motion under § 2255 . . . no matter what caption he puts on the document.")[6]

In United States v. Smith, 62 F.3d 641 (1995), the Fourth Circuit concluded that a motion for a new trial based on new information that supported a claim of ineffective assistance of counsel was required to be brought within the restrictive time frame set forth in Fed. R. Crim. P. 33(b)(2), rather than the longer period for newly discovered evidence.[7] The Fourth Circuit offered the following explanation why new information that might support a constitutional violation does not qualify for the multi-year time frame in Fed. R. Crim. P. 33(b)(1). First, the "rationale for extending greater [time] to motions based on newly discovered evidence [is] to enable the district court to afford relief when new information bolsters a claim of actual innocence." Id. at 649. Second, a defendant's ability to raise constitutional challenges "under § 2255 makes it unnecessary that [he or] she also be afforded [the extended period of time in Rule 33(b)] to advance the same claim by a motion for a new trial." Id.

---

[6] Thompkins has filed a 28 U.S.C. § 2255 motion, wherein he claims, inter alia, counsel failed to adequately challenge the search of his residence.

[7] In Smith, the Fourth Circuit addressed a prior version of Federal Rule of Criminal Procedure 33 that provided for a two-year time limit for newly discovered evidence.

Third, the text of the rule specifies that:

> [I]n order for a defendant's motion to come within the [three]-year time limit, that which is "newly discovered" must be <u>evidence</u> that would be admissible were a new trial to be granted.  Otherwise, the rule would more naturally refer to "newly discovered <u>facts</u>" or "newly discovered <u>information</u>."

<u>Id.</u>[8]

Thompkins' motions for a new trial are not predicated on newly discovered evidence pertaining to his innocence.  Thus, such motions are untimely.  <u>See id.</u>; <u>Evans</u>, 224 F.3d at 674.  Accordingly, the Government's Motion to Dismiss Thompkins's motions for a new trial (Docket No. 70) will be granted.  Thompkins's motions for a new trial (Docket Nos. 59, 60, 62) will be denied.  Thompkins' motions seeking an expeditious ruling on his motions for a new trial (Docket Nos. 76, 78) will be denied as moot.

## III.  MOTIONS FOR DISCOVERY AND PRESERVATION OF EVIDENCE

Thompkins has filed "Motion to the Court to Compel the Prosecut[o]r to Disclose/Turnover TDS Subpoena and All Records Obtained from that Subpoena" (Docket No. 61) wherein he demands

---

[8] The Fourth Circuit noted one possible exception to this general proposition; motions for a new trial based on newly discovered evidence of interference with the jury.  <u>Smith</u>, 62 F.3d at 650 (citing cases); <u>but see United States v. Lawhorne</u>, 29 F. Supp. 2d 292, 313 (E.D. Va. 1998) (observing that evidence of juror bias is not "'evidence that <u>would be admissible</u> were a new trial granted'" (<u>quoting</u> <u>Smith</u>, 62 F.3d at 649)).

that the Government turn over records related to an administrative subpoena issued to TDS Telecom by Agent Bertsch. Thompkins also has filed a "DEFENDANT['S] . . . MOTION TO PRESERVE EVIDENCE" (Docket No. 63) wherein he requests that the Court enter an order directing the prosecution to preserve the evidence in his case. There is no demonstrated need to preserve evidence and, therefore, the Motion to the Court to Compel the Prosecuter [sic] to Disclose/Turnover TDS Subpoena and All Records Obtained from that Subpoena (Docket No. 61) and DEFENDANT JOHNNIE MARTIN'S MOTION TO PRESERVE EVIDENCE (Docket No. 63) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to the counsel for the United States, counsel for the defendant and to Benjamin C. Thompkins, Jr.

It is so ORDERED.

                                        /s/         _REP_
                              _____
                              Robert E. Payne
                              Senior United States District Judge


Richmond, Virginia
Date: February 9, 2012

11